UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
MARIA LOUIS,

                 Plaintiff,

            - against -

THE METROPOLITAN TRANSIT AUTHORITY,
MTA BUS COMPANY, NEW YORK CITY POLICE
DEPARTMENT; THE CITY OF NEW YORK; NEW
YORK CITY TRANSIT AUTHORITY;
Steven Wright, in his official and personal capacities,
JOHN DOE 2, the second MTA bus driver, in his official and
personal capacities, and NYPD Officer Crystal Martin,
in her official and personal capacities,

                Defendants.
--------------------------------------------------------------- X

**AMENDED
COMPLAINT**

12 Civ. 6333 (ILG) (JO)

        Plaintiff, MARIA LOUIS, by and through her attorneys, the LAW OFFICES OF

FREDERICK K. BREWINGTON, as and for her Amended Complaint against the

Defendants, states and alleges as follows:

        Prior hereto, Plaintiff filed a Complaint on December 26, 2012 and responsive

pleadings have been filed by Defendants.  This is the amendment of that Complaint, with

the permission of the Court.

## INTRODUCTION

1.      This is an action for violation of the civil rights of Plaintiff Maria Louis ("Ms.

       Louis"), who seeks money damages, attorney fees, declaratory, compensatory,

       and other appropriate relief pursuant to 42 U.S.C. §§ 1983 and 1988, and 28

       U.S.C. §§ 2201 and 2202.

2.      Plaintiff Maria Louis was twice ordered to exit Metropolitan Transit Authority

       (MTA) buses by bus drivers, solely for being dressed in accordance with her

religious and cultural beliefs. Ms. Louis is Muslim and wears a bolka – a long, flowing black garment that covers her completely, including a mesh section over her eyes that allows her to see.

3. During the first incident, Ms. Louis fearfully complied, and exited the bus. The second time, however, Ms. Louis refused to get off the bus. Instead, she called 911 from her cellphone, and stayed on the phone until police arrived.

4. But when officers responded to her call, they did not protect Ms. Louis' rights, and instead sided with the bus driver, and ordered Ms. Louis to get off the bus.

5. Ms. Louis respectfully seeks a declaratory judgment stating that her rights were unlawfully violated by Defendants, and seeks monetary compensation.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiff's cause of action arising under the Constitution of the United States, 42 U.S.C. § 1983, and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**7.** Venue lies in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to Plaintiff's claims occurred in Queens County, New York.

## PARTIES

8. Plaintiff MARIA LOUIS is a resident of Hollis, New York, Queens County.

9. Defendant THE METROPOLITAN TRANSIT AUTHORITY ("MTA") is a public benefit corporation established by the laws of the State of New York.

10.  Defendant MTA BUS COMPANY ("MTA Bus") is the surface transit division of Defendant MTA. At all times herein, MTA Bus operated the Q110 bus line.

11.  Defendant NEW YORK CITY TRANSIT AUTHORITY ("MTA NYCTA") is, at all times herein, an affiliate of MTA. At all times herein, MTA NYCTA operate the Q1 bus line.

12.  Defendant CITY OF NEW YORK is a municipal corporation, and at all times herein controlled and operated the New York City Police Department.

13.  Defendant THE CITY OF NEW YORK is a municipal corporation within the State of New York, and employer of Defendant JOHN DOE 3.

14.  Defendant JOHN DOE 1 is the driver of the MTA and/or MTA NYCTA bus on April 3, 2012. He was at that time employed by the MTA and/or MTA NYCTA, and his full identity is not known to the Plaintiff. He is sued in his official and personal capacities.

15.  Defendant Steven Wright was, at all times herein, upon information and belief, the driver of the MTA bus on May 26, 2012.

16.  Defendant NYPD Officer Crystal Martin ("Officer Martin") was the responding police officer who arrived on the scene in response to Plaintiff's telephone call on May 26, 2012, as described herein.

**CLAIMS**

17.  Plaintiff is Muslim and in observance of her faith wears a burqa – a black garment that covers her from head to toe, including her, face, with a mesh covering for her eyes, enabling her to see.

18.  On April 3, 2012, at approximately 7:20pm, Plaintiff Maria Louis boarded the Q1 bus going in the direction of Bellerose, at 165th Street in Jamaica.

19.  When the bus stopped at the Hillside Avenue stop, a man boarded the bus and began making persistent, disparaging comments to Plaintiff, on the basis of her religious attire. Plaintiff asked him to desist, but he continued.

20.  The driver of the bus, Defendant JOHN DOE 1, a tall, white male with dark hair, did nothing to stop the passenger harassing Plaintiff. Instead, bus driver JOHN DOE 1 began screaming at Plaintiff, calling her a "maniac" and other disparaging remarks regarding her Muslim faith, and her religious garments.

21.  JOHN DOE 1 stopped the bus and ordered Plaintiff to exit. JOHN DOE 1 refused to drive further Plaintiff got off the bus.

22.  Afraid for her safety, Plaintiff got off the bus and began walking home.

23.  Before he drove away, JOHN DOE 1 called Plaintiff an insult with the f-word.

24.  Afraid to board another bus, Plaintiff walked to her home in Hollis, Queens.

25.  On May 26, 2012, at approximately 10:30am, Plaintiff boarded the Q110 bus on Jamaica Ave. and 191st Street, traveling in the direction of Jamaica.

26.  Plaintiff was again dressed in a burqa that covered her from head to toe.

27.  When Plaintiff sat down, the bus driver, Defendant Steven Wright ("Wright"), a tall black mail with a Haitian accent, began repeatedly looking back at her and told her that she was "scary" because of her religious attire.

28.  Wright eventually ordered Plaintiff to get off the bus.

29.    When Plaintiff refused, Wright began yelling abusively at Plaintiff, making disparaging remarks about her religion. Wright then stopped the bus and refused to continue driving until Plaintiff got off the bus.

30.    This time, Plaintiff refused to get off the bus. Incited by Wright, several other passengers began verbally and physically harassing Plaintiff.

31.    One female passenger punched Plaintiff in the face, causing her fear, embarrassment, and physical pain. Wright did nothing to prevent or terminate the harassment and assault of Plaintiff by passengers on his bus.

32.    Plaintiff, fearful of her safety, called 911, and stayed on the phone with the 911 operator until the police arrived.

33.    When the police arrived, bus driver Wright got off the bus and at first attempted to hide. Eventually, Wright spoke with Officer Martin, who responded to Plaintiff's 911 call.

34.    Officer Martin did not require bus driver Wright to allow Plaintiff to remain on the bus, as was her right.

35.    Instead, Officer Martin stated that Wright had the right to make Plaintiff exit the bus, and joined the bus driver and passengers in insisting that Plaintiff get off the bus immediately.

36.    Officer Martin handed Plaintiff a bus transfer that she obtained from bus driver Wright and ordered Plaintiff to exit the bus.

37.    Plaintiff got off the bus, under duress, and against her will. Plaintiff took a car service to her destination, because she was too fearful to board another bus.

38.    Subsequently, Plaintiff has had no choice but to continue to use MTA buses.

39.    While on the bus, Plaintiff is in a constant state of anxiety and fear that the bus driver will kick her off the bus, harass, threaten or injure her, or allow passengers to do the same, simply because of her religious attire.

40.    Likewise, Plaintiff fears that her rights will not be protected by the NYPD.

41.    At all times during their encounter with Plaintiff, Defendants were acting in their official capacity, and under color of law.

42.    Defendants NYPD, MTA, MTA Regional Bus Operations (RBO), MTA NYCTA and THE CITY OF NEW YORK each maintained policies of inadequate training and supervision of its bus drivers and police officers, of which they were willfully indifferent.

43.    Defendants NYPD, MTA, MTA Regional Bus Operations (RBO), MTA NYCTA and THE CITY OF NEW YORK each acquiesced to a custom or culture of intolerance and discrimination, about which Defendants knew, or to which they were willfully indifferent.

44.    As a direct and proximate result of the facts herein alleged, Plaintiff suffered violations of her rights to freedom of speech and religion, equal protection, and due process under the First, Fourth, and Fourteenth Amendments of the United States Constitution.

45.    The violation of these rights caused Plaintiff to endure physical pain, emotional distress, persistent headaches, and ongoing depression and anxiety.

46.    On July 3, 2012, Plaintiff filed a timely Notice of Claim with each of the appropriate Defendants.

47.    Plaintiff has fully complied with New York General Municipal Law § 50-e.

48.     More than 30 days have elapsed since service of the Notice of Claim, and the

Defendants have not made an offer of settlement to Plaintiff.

**JURY DEMAND**

49.     The Plaintiff demands a trial by jury on each and every one of her claims.

**REQUEST FOR RELIEF**

WHEREFORE, the plaintiff respectfully requests that the Court: 1) Assume

jurisdiction over this matter; 2) Declare that the Defendants violated Plaintiff's rights, 3)

Award monetary damages for those violations; 4) Award appropriate attorneys' fees and

costs; and 5) Grant such other relief as the Court deems appropriate and just.

Dated: Hempstead, New York
       July 29, 2013                         Yours, etc.

                                              VALERIE M. CARTRIGHT, ESQ.

                                              *Valerie M. Cartright*
                                              _____
                                              Law Offices of Frederick K. Brewington
                                              556 Peninsula Boulevard
                                              Hempstead, NY 11550
                                              (516) 489-6959

To:     Metropolitan Transit Authority           MTA Bus/ Dept. of Diversity
           347 Madison Avenue                  2 Broadway, 16th Floor
           New York, NY  10017                 New York, NY  10004

           City of New York                       NYC Dept. of Law
           c/o The Office of the NYC Comptroller    100 Church Street
           Bureau of Law & Adjustment           New York, NY 10007
           1 Centre Street, New York, NY  10007

                                              NYC Transit Authority
           New York City Police Department      130 Livingston Ave.
           1 Police Plaza                          Brooklyn, NY 11201
           New York, NY 10038