UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
MARIA LOUIS

                Plaintiff,

- against -

THE METROPOLITAN TRANSIT
AUTHORITY, ET AL.,

                Defendants.
----------------------------------------------------------x

MEMORANDUM AND ORDER

12 Civ. 6333 (ILG) (JO)

GLASSER, Senior United States District Judge:

Pending before the Court are plaintiff and defendants' objections to Magistrate Judge ("MJ") Orenstein's Report and Recommendation ("R&R") that plaintiff's motion for leave to file a second amended complaint, made after the deadline fixed in a scheduling order for filing such motions, be granted and denied in part. For the following reasons, the R&R is ADOPTED and REJECTED in part.

## BACKGROUND

The R&R filed on September 23, 2014 sets forth the factual and procedural history of this litigation, and familiarity with it is presumed. Dkt. No. 49. On September 25, 2014, plaintiff filed its letter objection to the R&R. Dkt. No. 50. Defendants filed their letter objection on October 2, 2014. Dkt. No. 52. On October 10, 2014, the Court heard oral argument on the parties' objections. Dkt. No. 54.

## STANDARD OF REVIEW

Upon a party's objection to the decision of a magistrate judge on a non-dispositive matter, the district court reviews the decision to ensure that it is not "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed R. Civ. P. 72(a); Fielding v. Tollaksen, 510 F.3d 175, 178 (2d Cir. 2007). For dispositive matters, the district court

reviews de novo the parts of the R&R to which the parties object. Fed. R. Civ. P. 72(b)(3); Integrity Elecs., Inc. v. Garden State Distribs., No. 09 Civ. 2367, 2012 WL 1041349, at *1 (E.D.N.Y. Mar. 28, 2012). The Second Circuit has referred to a motion to amend a complaint as a non-dispositive matter, but has not explicitly decided the issue. See Fielding, 510 F.3d at 178. "[D]istrict courts in this circuit have suggested that a magistrate judge's denial of a motion to amend a complaint should be treated as dispositive, while a grant of the same motion should be treated as non-dispositive." Tyree v. Zenk, No. 05–cv–2998, 2009 WL 1456554, at *3 (E.D.N.Y. May 22, 2009). In any event, the Court need not take a position on this question because even under the more stringent standard of review, its decision would remain the same. See Wilson v. City of New York, No. 06-CV-229, 2008 WL 1909212, at *3-4 (E.D.N.Y. Apr. 30, 2008).

## DISCUSSION

"Where a scheduling order governs amendments to the complaint, the lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" Gullo v. City of New York, 540 Fed. App'x. 45, 46 (2d Cir. 2013) (quoting Fed. R. Civ. P. 15 & 16). Courts in this district have held that Rules 15(a) and 16(b) should be evaluated simultaneously, with the plaintiff's diligence considered as the primary factor. E.g., Castro v. City of New York, No. 06-CV-2253, 2010 WL 889865, at *2 (E.D.N.Y. Mar. 6, 2010); Nycomed U.S. Inc. v. Glenmark Generics Ltd., No. 08-CV-5023, 2010 WL 1257803, at *10 (E.D.N.Y. Mar. 26, 2010).

"Good cause" requires the party seeking relief to establish that the deadline to amend the pleading could not reasonably be met despite due diligence. See, e.g.,

2

Alexander v. Westbury Union Free School Dist., 829 F. Supp. 2d 89, 117-18 (E.D.N.Y. 2011); Lincoln v. Potter, 418 F. Supp. 2d 443, 454 (S.D.N.Y. 2006). "[G]ood cause may not be established where the facts underlying the claim were known to the plaintiff at the time the action was filed." Alexander, 829 F. Supp. 2d at 118 (citations omitted). MJ Orenstein found that plaintiff failed to show the necessary diligence required for a finding of good cause to belatedly amend her complaint. R&R at 7. As to the specific request to add new claims, he found that "[d]ue diligence is even more plainly lacking," id. at 7, because "[plaintiff] offers no reason at all—let alone a sufficient one—for her failure to assert the proposed new claims before the deadline set pursuant to Rule 16." Id. at 8. A de novo review of this portion of the R&R reveals no error, and the Court therefore adopts MJ Orenstein's recommendation to deny the request to add new defendants and facts to the Complaint.

The Court disagrees, however, with the recommendation to grant plaintiff's request to add new claims. Despite highlighting the significant deficiencies in plaintiff's showing of "good cause," the R&R nevertheless concludes that the Court should allow plaintiff "to assert her new claims against the defendants in the interest of judicial economy" because "if leave to amend is denied, [plaintiff] will be free to assert at least some of the proposed new claims in a separate lawsuit and thereby both incur additional costs and impose them on her adversaries."[1] R&R at 8. To support this conclusion, the R&R cites a case unrelated to Rule 16 for the proposition that "trial courts are vested with the inherent power to achieve orderly and expeditious disposition of cases." Id.

---

[1] At a conference held on August 16, 2013 before MJ Orenstein, plaintiff's counsel indicated that she would not commence another lawsuit if additional claims were not allowed: The Court: "What about the claims? Would you seek to vindicate them in another complaint?" Mr. Calliste: "I don't think that – that's not our office's usual practice, Your Honor. . . ." The Court: "So you don't anticipate a separate action?" Mr. Calliste: "We don't." See Dkt. No. 37 at 7:1-15.

3

(quoting Boykin v. 1 Prospect Park ALF, LLC, No. 12-CV-6243, 2013 WL 3964002, at *1 (E.D.N.Y. July 30, 2013)). Yet allowing the new claims here would hardly achieve this objective. Contrary to the R&R's conclusion, the addition of ten claims to this lawsuit would generate an abundance of work—new motions, hearings, and the likely re-opening of discovery—which surely undermines the interests of judicial economy.

A Rule 16 scheduling order is not "a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Kassim v. City of Schenectady, 221 F.R.D. 363, 365 (N.D.N.Y. 2003). Plaintiff had ample opportunities to add her new claims well before the deadline in the Rule 16 scheduling order; indeed, her lawyer acknowledged that the new claims are based on facts "easily ascertainable from a liberal reading of the [initial] Complaint." Dkt. No. 30 at 3. Her unsupported request to belatedly amend her Complaint a second time runs contrary to Rule 16's objective to offer "a measure of certainty in pretrial proceedings, by ensuring that 'at some point both the parties and the pleadings are fixed.'" Parker v. Columbia Pictures Indus., 204 F.3d 326, 339–40 (2d Cir. 2000) (quoting Fed. R .Civ. P. 16 advisory committee's note (1983 amendment, discussion of subsection (b)).

After careful consideration of the facts as found by MJ Orenstein and the law he applied to them, the Court has a "definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." See In re Josephson, 281 F.2d 174, 182 (1st Cir. 1954). The Court therefore rejects the R&R insofar as it recommends allowing plaintiff to amend the Complaint a second time and add new claims. The case should proceed based on the Amended Complaint as it was filed on July 29, 2013 (Dkt. No. 27).

As the Supreme Court recognized in National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642-43 (1976):

> There is a natural tendency on the part of reviewing courts, properly employing the benefit of hindsight, to be heavily influenced by the severity of outright dismissal as a sanction for failure to comply with a [scheduling] order. . . . But . . ., as in other areas of the law, the most severe . . . sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.

## CONCLUSION

Defendants' objection to the R&R's recommendation to permit plaintiff to add new claims is GRANTED. Plaintiff's objection to the R&R's denial of its motion to add new defendants and facts is REJECTED.

SO ORDERED.

Dated:     Brooklyn, New York
           October 15, 2014

/s/
I. Leo Glasser
Senior United States District Judge