UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MARIA LOUIS,

                 Plaintiff,

                                                        **ORDER**
        -against-                                 12-CV-6333 (LDH) (JO)

STEVEN WRIGHT,

                 Defendants.
------------------------------------------------------------------x

LaSHANN DeARCY HALL, United States District Judge:

On March 2, 2017, United States Magistrate Judge James Orenstein issued a report and recommendation (the "Report and Recommendation"), which recommended that this Court grant Defendant MTA Bus Company's April 27, 2016 motion to dismiss this action pursuant to Federal Rule of Civil Procedure 25(a)(1) for Plaintiff's failure to make a motion to substitute Wright as a defendant within ninety (90) days of the suggestion of Wright's death, which was filed on January 25, 2016 (*See* Def.'s Letter. Mot., ECF No. 79; R. & R., ECF No. 88.) Any written objections to the Report and Recommendation had to be filed with the Clerk of Court within fourteen (14) days of the date of service of the report; responses to any objections were due fourteen (14) days thereafter.[1] *See* Fed. R. Civ. P. 72(b)(2). On March 20, 2017, Plaintiff filed an objection to the Report and Recommendation. (Pl.'s Obj., ECF No. 89.) The Court reviews the portions of Magistrate Judge Orenstein's Report and Recommendation that have been objected to under a *de novo* standard of review. *See* Fed. R. Civ. P. 72(b)(1),(3); 28 U.S.C. § 636(b)(1)(C).

Plaintiff argues that she was not provided sufficient time to move to substitute Wright because of an error that was made in Magistrate Judge Orenstein's order, which initially directed

---

[1] At a March 28, 2017 telephone status conference, counsel for Defendant MTA Bus Company, Thomas Deas, waived Defendant's right to submit a written response to Plaintiff's objections to the report and recommendation.

1

Wright's "successor or representative" to file a motion for substitution by April 25, 2016. (*See* Pl.'s Obj. 2-4; Order dated Jan. 25, 2016.) This order was corrected on March 7, 2016, to provide that *any* party may file a motion for substitution. (*See* Order dated Mar. 7, 2016.) Plaintiff's argument that she was denied sufficient time to move to substitute Wright as a defendant is without merit. Federal Rule of Civil Procedure 25(a)(1) provides that "[a] motion for substitution may be made by any party or by the decedent's successor or representative." The plain language of the rule put Plaintiff's counsel on notice that a motion for substitution had to be made by April 25, 2016, which was ninety days from the filing of the suggestion of Wright's death. This was the case regardless of any error in Magistrate Judge Orenstein's original order.

Federal Rule of Civil Procedure 25 is clear that "[i]f the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent *must* be dismissed." Fed. R. Civ. P. 25(a)(1) (emphasis added). Because no motion for substitution was filed within ninety days of the suggestion of Wright's death, this matter is ripe for dismissal. *See id.*; *see also Nicosia v. United States*, No. 11-cv-5069, 2014 WL 2957496, at *2 (E.D.N.Y. July 1, 2014) (dismissing action where plaintiff failed to file motion for substitution for five months after notice of death was made, and noting that courts in this Circuit "routinely dismiss cases with prejudice where there is a failure to comply with the time period specified by Rule 25(a)." (quoting *Mulvey v. Sonnenschein Nath & Rosenthal LLP*, No. 08-CV-1120, 2011 WL 5191320, at *1 (E.D.N.Y. Oct. 31, 2011))) (citing cases).

Moreover, the suggestion of death was filed on January 25, 2016, approximately fourteen months ago, and Plaintiff still has not made any real progress towards making a motion for substitution. (*See* R. & R., at 3 (noting that plaintiff's counsel represented at March 2, 2017 conference that substitution could not be effected within sixty days)). Given the significant amount

of time that has passed, and the lack of progress that has been made, the Court agrees with the findings of Magistrate Judge Orenstein's Report and Recommendation that Plaintiff's counsel has failed to demonstrate excusable neglect that would entitle Plaintiff to an extension of time to file a motion for substitution. *See* Fed. R. Civ. P. 6(b)(1)(B).

No other objections have been filed to the Report and Recommendation. As to the remaining portions of the Report and Recommendation, "the district court need only satisfy itself that there is no clear error on the face of the record." *Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd.*, 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (quoting *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001)) (internal quotation marks and citations omitted). There was none.

## CONCLUSION

The Court has reviewed the Report and Recommendation for clear error and, finding none, hereby adopts Magistrate Judge Orenstein's Report and Recommendation as the opinion of this Court. Defendant's motion to dismiss this action pursuant to Fed. R. Civ. P. 25(a)(1) is granted in its entirety. The Clerk of Court is directed to enter judgment and close this case.

Dated: March 30, 2017
       Brooklyn, New York

                              SO ORDERED:

                                  /s/ LDH
                              LaSHANN DeARCY HALL
                              United States District Judge